[No. 18971.  Department One.  April 14, 1925.]

# H. B. WITHERS, *Respondent*, v. GEORGE R. WHITFORD, *Appellant*.[1]

PRINCIPAL AND AGENT (9)—EXISTENCE OF RELATION—EVIDENCE—SUFFICIENCY. Findings that fruit was shipped to a brokerage agent under an agreement to share the profits and loss are not sustained, where the oral evidence of the two parties was directly in conflict, the plaintiff had first brought the suit on the theory that defendant was only a brokerage agent, and defendant had previously acted for plaintiff and others in that capacity, and had accounted as such for the shipments in question.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered May 3, 1924, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Reversed.

*W. C. Losey*, for appellant.
*James A. Brown*, for respondent.

PARKER, J.—The plaintiff, Withers, commenced this action in the superior court for Spokane county, seeking recovery from the defendant, Whitford, for three cars of fruit and other produce shipped to him at points in Montana and North Dakota. A trial before the court sitting without a jury, resulted in findings and judgment awarding recovery to Withers, from which Whitford has appealed to this court.

By his original complaint, Withers sought recovery as upon a sale of the goods to Whitford, praying for judgment for an alleged balance due upon the reasonable value of the goods. By his amended complaint, Withers sought recovery as for an accounting from Whitford, upon the theory that the shipment and sale

[1]Reported in 234 Pac. 1032.

of the goods was a joint adventure in which each was
to equally share the profits and bear the losses. Whit-
ford answered this amended complaint, denying the al-
leged joint adventure agreement, and affirmatively
pleaded that his contract with Withers with reference
to the shipments was that he acted only as a broker-
age agent in selling the goods for Withers, and that
he had, upon selling the goods to the best possible ad-
vantage, fully accounted for and remitted to Withers
the proceeds of the sales. The problem here, as it was
in the trial court, becomes only a question of fact as to
whether the contract relation between the parties was
that of joint adventurers or that of principal and bro-
kerage agent. The trial court awarded recovery to
Withers upon the theory that the shipment and the
sale of the goods was a joint adventure between
Withers and Whitford in which each was to equally
share the profits and bear the losses, and that there
was a loss.

For several years past, Withers has been engaged
in the wholesale fruit and produce business in Spokane,
in this state. For several years past, Whitford has
been engaged in selling fruit and produce for others
on commission in Montana and North Dakota. At in-
tervals during the fall of 1922, Withers shipped to
Whitford at points in Montana and North Dakota cars
of fruit and other produce to be sold and which were
then sold by him in that territory on commission, he
accounting to Withers for the proceeds of each sale
accordingly. About the 1st of August, 1923, they had
conversations at Spokane looking to shipments to, and
sales of fruit and produce in the same territory during
the fall of that year. Withers testified that they came
to an agreement that in the shipment of any goods
during that fall to be sold in Montana or North Dakota,
they were to share equally in the net profits, if any

were realized, and were to equally bear the losses, if any were suffered. Whitford testified positively that no such agreement was ever made or suggested in any conversation had between them, but that the agreement with reference to shipments to be made that fall to Montana or North Dakota was that such shipments should be handled by him as brokerage agent for Withers, as in the fall of 1922.

These conflicting versions of Withers and Whitford constitute the only direct evidence touching the question of the nature of the agreement existing between them with reference to the handling and disposition of the shipments to be made in the fall of 1923. Having in mind that the burden of proof necessary to the maintenance of recovery by Withers rested upon him, the allegations of his original verified complaint seeking recovery upon the theory of a sale inconsistent with his testimony, the brokerage agency agreement under which the parties previously operated in the fall of 1922, and the fact that the business of Whitford generally seems to have been that of a brokerage agency for others, we feel constrained to disagree with the conclusion of the trial court that the relations between the parties relative to the shipments to be made in the fall of 1923 were other than that of principal and brokerage agent. We are slow to differ with the conclusion of the trial court upon questions of fact, but feel constrained to do so in this instance. The evidence renders it plain that Whitford made sales of the goods to the best possible advantage to Withers, and faithfully accounted for the proceeds in accordance with his brokerage agency agreement.

The judgment is reversed, with instructions to dismiss the action with prejudice.

TOLMAN, C. J., BRIDGES, MAIN, and ASKREN, JJ., concur.